NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN LESTER COX, | No. 16-35370 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-05584-RJB |
| v. | |
| C/O SAYWERS, Floor officer; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted July 11, 2017**

Before: CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

John Lester Cox, a Washington state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging First

Amendment retaliation claims. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo, *Brodheim v. Cry*, 584 F.3d 1262, 1267 (9th Cir. 2009), and we

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly granted summary judgment for Saywers and Kerr because Cox failed to raise a genuine dispute of material fact as to whether there was an absence of legitimate correctional goals for defendants' conduct. *See Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) ("[A] successful retaliation claim requires a finding that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." (citation and internal quotation marks omitted)); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (preserving institutional order and discipline are legitimate penological objectives).

The district court properly granted summary judgment for Southwick because Cox failed to raise a genuine dispute of material fact as to whether Southwick took any adverse action. *See Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (adverse action required for prisoner retaliation claim).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

**AFFIRMED.**

16-35370